IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| GARY BRADFORD CONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:97-cv-02312-JPM |
| | ) | |
| RICKY BELL, Warden, | ) | |
| Riverbend Maximum Security | ) | |
| Institution. | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ON THE SCOPE OF THE MANDATE, AND
ORDER ON PRE-HEARING PROCEDURES AND DISCOVERY**

This matter is before the Court on remand from the Supreme Court of the United States. See Cone v. Bell, 129 S. Ct. 1769, 1786 (2009). On January 5, 2010 the Court held a telephonic status conference (Docket Entry ("D.E.") 228), at which the Parties disputed the scope of the Supreme Court's mandate and discussed the need to establish pre-hearing procedures. The Court ordered the Parties to brief these issues. (D.E. 229.) The Parties filed their opening briefs on March 11, 2010 (D.E. 233; D.E. 234), and their responsive briefs on April 8, 2010 (D.E. 239; D.E. 240).

**I. Background**

Cone was convicted of two counts of first-degree murder and sentenced to death in 1982. The 2009 Supreme Court decision in

1

this matter concerned Cone's claim under Brady v. Maryland, 373 U.S. 83 (1963).  The Supreme Court held that Cone's Brady claim was not procedurally defaulted.  Cone, 129 S. Ct. at 1782.  The Supreme Court then analyzed the claim, determining that Cone's claim failed regarding the guilt phase of the trial but that additional review is necessary as to the imposition of the death penalty.  See Cone, 129 S. Ct. at 1786.  Specifically, the matter was "remanded to [this Court] with instructions to give full consideration to the merits of Cone's Brady claim" as it relates to his death sentence.  Id.

**I. Scope of Remand**

   **a. Applicable Legal Principles**

"The customary procedure on remand creates a duty on the part of lower courts, which obtain jurisdiction after receiving the mandate of an appellate court, to obey the terms of the mandate and carry it into effect."  Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res., 71 F.3d 1197, 1201 (6th Cir. 1995) (citing 1B James W. Moore & Jo D. Lucas, Moore's Federal Practice § 0.404[10] (1993)).  "Traditionally, the mandate rule instructs that the district court is without authority to expand its inquiry beyond the matters forming the basis of the appellate court's remand."  United States v. Campbell, 168 F.3d 263, 265 (6th Cir. 1999).  "In determining the scope of an appellate mandate, the majority, concurring, and

2

dissenting opinions may be consulted." Jones v. Lewis, 957 F.2d 260, 262 (6th Cir. 1992) (citing Cherokee Nation v. Oklahoma, 461 F.2d 674, 677 (10th Cir. 1972)).

### b. Analysis

The Parties disagree on the scope of the remand with regard to whether all elements of Cone's Brady claim remain to be decided. In order to establish a Brady claim, a petitioner must show [1] that the prosecution suppressed "evidence that is both [2] favorable to the accused and [3] 'material either to guilt or punishment.'" United States v. Bagley, 473 U.S. 667, 674 (1985) (quoting Brady, 373 U.S. at 87). Cone argues that the first two elements are no longer disputed, and that the Court must address only the materiality element. The State contends that all three Brady elements are still at issue. The manner in which this case was argued to the Supreme Court and the text of the majority and separate opinions indicate that Cone is correct.

Cone argued to the Supreme Court that "[i]n this case, the first two components of the Brady inquiry - that (i) evidence favorable to [Cone] was (ii) suppressed by the [S]tate – are not disputed." Brief for the Petitioner at *38, Cone v. Bell, 129 S. Ct. 1769 (2009) (No. 07-1114). Cone asked the Supreme Court to, *inter alia*, remand the matter to this Court for a hearing on the materiality of the evidence identified in paragraph 39 of

3

his habeas petition. See id. at 51-52. The State did not contest the assertion that the suppression and favorability questions were no longer in dispute, and focused its merits argument only on whether the evidence in question was material. See Brief of Respondent at 41-50, Cone v. Bell, 129 S. Ct. 1769 (2009) (No. 07-1114).[1] The State does not now offer a justification for its failure to contest in the Supreme Court Cone's argument that the suppression and favorability questions were no longer at issue.

The text of the majority opinion indicates that the Supreme Court considers the suppression and favorability questions decided. The opinion consistently refers to the evidence in question as the "suppressed," "withheld," and "undisclosed" evidence. No qualifying words such as "allegedly" are used to indicate that whether the evidence was suppressed is uncertain. Tellingly, the majority even explained that Cone "found proof that evidence had indeed been withheld from him at trial." Cone, 129 S. Ct. at 1776-77.

The separate opinions of Justices Thomas and Alito provide additional support for interpreting the mandate as limited to the materiality question. Both Justices apparently read the majority's opinion as not allowing this Court to engage in

---

[1] The State's brief aside in a footnote that "review of defense counsel's cross-examination calls into question the suggestion that the materials at issue [relating to witness Ilene Blankman] were withheld at all," does not amount to a denial of Cone's explicit contention that the first two Brady elements were not disputed.

4

further fact-finding, which would be necessary if the suppression issue remained for decision.  See id. at 1794 n.4 (Thomas, J., dissenting) ("The majority does not attempt to justify its remand by contending that it is necessary because the record is insufficient to decide the claim.  Nor could it persuasively contend a remand is necessary so that the District Court can hold an evidentiary hearing . . . [which] would shed no additional light on the trial proceedings or the relative impeachment value of the withheld documents."); id. at 1792 (Alito, J., concurring in part and dissenting in part) (criticizing the majority for remanding to this Court instead of the Sixth Circuit, and arguing that "[i]f the only purpose of remand is to require an evaluation of [Cone's] Brady claim in light of the present record, the District Court is not in a superior position to conduct such a review.").

The Court will briefly address the State's arguments.  First, the State contends that the "critical language" in the Supreme Court's opinion is the instruction to "give full consideration to the merits of Cone's Brady claim."  See id. at 1786.  The State appears to be suggesting that the use of "full" and "merits" means that all three elements of the Brady test remain for decision.

This argument over-reads the Supreme Court's use of these words in the context of the opinion.  With regard to "merits,"

5

it is not uncommon to use that term where fewer than all aspects of a claim or defense are at issue.  See, e.g., Weigel v. Baptist Hosp. of E. Tenn., 302 F.3d 367, 381 (6th Cir. 2002); Gen. Elec. Co. v. E.P.A., 290 F.3d 377, 385 (D.C. Cir. 2002). "Full" may relate to the error that this Court and the Sixth Circuit committed by examining the Brady material "item by item" rather than "collectively," as required by Kyles v. Whitley, 514 U.S. 419, 436 (1995).  See Cone, 129 S. Ct. at 1785.  Or "full" may relate to the fact that although this is a state conviction, the state courts' failure to pass on the Brady claim means the claim is reviewed de novo rather than under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996).  See Cone, 129 S. Ct. at 1784.  The Supreme Court's use of "full" and "merits" cannot be read in isolation to establish that all three elements of Cone's Brady claim remain at issue.  The language of the majority opinion, when read all together in context, articulates the contrary conclusion.

Further, the statement on which the State relies is not the Supreme Court's only articulation of the mandate.  The opinion essentially begins by announcing that the matter is "remand[ed] to the District Court to determine in the first instance whether there is a reasonable probability that *the withheld evidence* would have altered at least one juror's assessment of the

appropriate penalty for Cone's crimes." Cone, 129 S. Ct. at 1773 (emphasis added). This statement, when given its natural meaning, indicates that the first two prongs of Brady have been met, and the State has not explained why the sentence should be read otherwise.

Second, the State argues that the Supreme Court's decision to not describe the evidence in question as "allegedly" suppressed is meaningless because the Sixth Circuit's merits review had focused only on the materiality question. This is an accurate statement of this matter's procedural history, but it does not contradict the conclusion that the Supreme Court either considered the suppression and favorability issues waived or decided those questions based on its own review of the record. See 16B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 4033 (2d ed. 1996) (collecting cases and noting that the Supreme Court will on occasion make an independent determination of the facts). Under either scenario this Court must follow the Supreme Court's mandate.

Finally, the State makes an argument based on the fact that the evidence in question has not been formally admitted by any court. This may be correct, but it does not answer the question of whether the evidence Cone claimed was withheld has been established as suppressed and favorable.

7

Based on the foregoing, the Court finds that the mandate is to determine whether there is a "reasonable probability" that, had the evidence identified in paragraph 39 of Cone's habeas petition been disclosed, "the result of the [sentencing] proceeding would have been different." Cone, 129 S. Ct. at 1786 n.19 (citing id. at 1795 (Thomas, J., dissenting)).

## II. Pre-Hearing Procedures/Discovery

### a. Pre-Hearing Procedures

Both Parties contend that an "evidentiary hearing" is necessary. "Evidentiary hearings" are typically only held in habeas cases where there are factual disputes that must be resolved. See Schriro v. Landrigan, 550 U.S. 465, 474-75 (2007) (citations omitted); Hicks v. Wainwright, 633 F.2d 1146, 1150 (5th Cir. 1981) (citation omitted). As discussed above, the facts underlying Cone's Brady claim are no longer in dispute, and the Court's sole task is to apply the law to those facts. See United States v. Phillip, 948 F.2d 241, 250 (6th Cir. 1991) (holding that Brady materiality is a mixed question of law and fact) (citing United States v. Rivalta, 925 F.2d 596, 598 (2d Cir. 1991)). It is not clear why a fact-finding hearing is appropriate, or even permissible under the Supreme Court's opinion. See Cone, 129 S. Ct. at 1792 (Alito, J., concurring in part and dissenting in part). It may be appropriate to hold a hearing at which the Parties argue the materiality issue, but

8

such would not be an "evidentiary hearing." To the extent that the Parties continue to assert that an "evidentiary hearing" is appropriate and permissible, they should articulate the basis for these assertions by filing simultaneous briefs by 4:30 P.M. on June 16, 2010. These briefs should also indicate whether there is a need for a schedule concerning pre-hearing disclosures.

### b. Discovery

"Habeas petitioners have no right to automatic discovery. A district court has discretion to grant discovery in a habeas case upon a fact specific showing of good cause under Rule 6 [of the Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts]." Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001) (citations omitted). It is not clear if discovery will be appropriate in this matter given the foregoing discussion. The Court finds that it is best to consider this issue in the context of a motion for discovery under Rule 6. Cone may file any such motion no later than ten (10) days from the entry of the Court's order on whether an "evidentiary hearing" will be held. The State shall file its response within ten (10) days of Cone's motion.

IT IS SO ORDERED this 3rd day of June, 2010.

/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE