IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| GARY BRADFORD CONE, | ◊ | |
| Petitioner, | ◊ | |
| vs. | ◊ | No. 97-2312-JPM |
| RICKY BELL, Warden, Riverbend Maximum Security Institution, | ◊ | |
| Respondent. | ◊ | |

ORDER DENYING RESPONDENT'S REQUEST FOR RECONSIDERATION
ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING
AND
ORDER GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD

On June 3, 2010, the Court entered an order defining the scope of the mandate. (Docket Entry ("D.E.") 242 at 8.) The order directed the parties to articulate the basis for conducting an evidentiary hearing and the need for a schedule concerning pre-hearing disclosures in simultaneously-filed briefs. (Id. at 9.) The Court directed Petitioner Gary Bradford Cone to file any discovery motion no later than ten (10) days from the entry of the Court's order on whether an evidentiary hearing will be held. (Id.)

On July 2, 2010, Respondent Ricky Bell filed a statement regarding evidentiary proceedings in which he respectfully disagreed with the scope of the mandate determined by the Court and requested reconsideration of this issue. (D.E. 245 at 1-2.) Respondent repeated his previous arguments and cited portions of

the oral argument before the Supreme Court. (Id.) However, Respondent has not presented any information that requires a different conclusion than that reached in the June 3, 2010 order. Respondent's request for reconsideration is DENIED.

On July 2, 2010, Cone filed his position statement regarding the need for an evidentiary hearing. (D.E. 246.) Cone requested that the Court consider additional evidence to illuminate the materiality of the withheld documents, including evidence from Petitioner's trial co-counsel April Goode, former trial witness Debbie Slaughter Crawford,[1] and Dr. Murray Smith. (D.E. 246 at 1.) Cone requests that the Court expand the record under Rule 7 of the Rules Governing Section 2254 Cases to consider additional materials and/or hold a limited evidentiary hearing under Rule 8(a) because Crawford refused to sign a declaration related to comments that Cone was foaming at the mouth and indicated her unwillingness to assist Cone with his habeas petition. (Id. at 3-5; D.E. 246-2.) Respondent expressed the opinion that "an evidentiary hearing is unnecessary," (D.E. 245 at 2), but since the parties' position statements were filed on July 2, 2010, Respondent has not specifically contested Cone's request to expand the record in the manner described herein.

---

[1] An offense report stating that Crawford (then Debbie Slaughter) indicated that Cone "looked wild and might not have been wearing shoes" was withheld. (D.E. 230-4.) Crawford (then Debbie Slaughter Howell) testified at trial about Cone's dress and her identification of Cone to the police. (D.E. 231-11 at 159-61.) Her statement was presented to defense counsel for review. (Id. at 161.)

2

The Sixth Circuit in <u>Getsy v. Mitchell</u>, 495 F.3d 295, 310-311 (6th Cir. 2007), summarized the controlling law relating to entitlement to an evidentiary hearing.

> Section 2254(e)(2) sets forth certain preconditions to obtaining an evidentiary hearing in a habeas proceeding where a petitioner has "failed to develop the factual basis of a claim in State court proceedings." The Supreme Court has held that "failed" within the meaning of § 2254(e)(2) refers to "a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." <u>Williams v. Taylor</u>, 529 U.S. 420, 432, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).
>
> . . .
>
> [Even if a petitioner] overcomes the initial statutory hurdle to obtaining a hearing, "the fact that [a petitioner] is not disqualified from receiving an evidentiary hearing under § 2254(e)(2) does not entitle him to one." <u>Bowling v. Parker</u>, 344 F.3d 487, 512 (6th Cir. 2003). The Supreme Court recently explained that, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007); *see also* <u>Bowling</u>, 344 F.3d at 512 (determining that the district court's denial of an evidentiary hearing did not amount to an abuse of discretion after examining the following factors: whether the petitioner "alleges sufficient grounds for release," whether "relevant facts are in dispute," and whether the "state courts . . . h[e]ld a full and fair evidentiary hearing"). Furthermore, "[b]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." <u>Schriro</u>, 127 S.Ct. at 1940.

<u>See also</u> <u>Hand v. Houk</u>, No. 2:07-cv-846, 2009 WL 2916909, *3 (S.D. Ohio Sept. 3, 2009).

3

Cone only requests an evidentiary hearing because Crawford has indicated that she is unwilling to provide a declaration. Cone has not sought discovery pursuant to Habeas Rule 6 to obtain evidence from Crawford.

A judge may employ a variety of measures, including discovery, to avoid the necessity of an evidentiary hearing. Blackledge v. Allison, 431 U.S. 63, 81-82 (1977); see Freeman v. Trombley, No. 2:07-CV-10350, 2009 WL 777888, at *7 (E.D. Mich. Mar. 20, 2009) (same); see also Simmons v. Simpson, No. 3:07-CV-313-S, 2009 WL 4927679, at *5 (W.D. Ky. Feb. 12, 2009) (Rule 6 permits discovery regardless of whether an evidentiary hearing will be held).  This situation is one where discovery may avoid the necessity of an evidentiary hearing.  See Williams v. Woodford, 384 F.3d 567, 591 (9th Cir. 2004) (oral testimony and cross-examination were not necessary because the documentary evidence fully presented the relevant facts of the claim). Cone's motion for an evidentiary hearing is DENIED.[2] Consistent with the Court's June 3, 2010 order, Cone is DIRECTED to file any discovery motion within ten (10) days of the entry of this order.  The Court GRANTS Cone's motion to expand the record to include the affidavits attached to his position statement for the purpose of determining whether the suppressed evidence was material.

IT IS SO ORDERED this 23rd day of July, 2010.

---

[2] Cone may renew his motion for an evidentiary hearing if he develops facts in discovery that indicate that a hearing may be warranted.

```
                                    /s/ Jon P. McCalla
                                    _____
                                    JON PHIPPS McCALLA
                                    CHIEF U.S. DISTRICT JUDGE
```